**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ERNEST ADIMORA-NWEKE,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:26-CV-00051-DC-RCG** |
| | § | |
| **TEXAS DEPARTMENT OF PUBLIC** | § | |
| **SAFETY, DIRECTOR FREEMAN F.** | § | |
| **MARTIN, and KRISTOFER** | § | |
| **MONSON,** | § | |
| *Defendants*. | § | |

## <u>REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE</u>

BEFORE THE COURT is Plaintiff Ernest Adimora-Nweke's ("Plaintiff") Complaint. (Doc. 1). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff Ernest Adimora-Nweke's case be **DISMISSED WITHOUT PREJUDICE**.

## I.    DISCUSSION

Plaintiff Ernest Adimora-Nweke ("Plaintiff") initiated the current action on February 17, 2026, by filing a Complaint against Defendants Texas Department of Public Safety, Director Freeman F. Martin, and Kristofer Monson ("Defendants"). (Doc. 1).

Shortly after Plaintiff initiated the suit, Defendants appraised the Court of the fact that Plaintiff has violated the Fifth Circuit's Order and sanctions imposed in *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561 (5th Cir. June 7, 2024). In *Adimora-Nweke*, the Fifth Circuit sanctioned Plaintiff as follows:

> Adimora-Nweke's appeal is DISMISSED as frivolous. He is ORDERED to PAY a sanction of $1,000 to the clerk of this court. The clerk of this court and the clerks of all courts in Texas subject to the jurisdiction of this court are DIRECTED to refuse to file any civil complaint or appeal by Adimora-Nweke unless he submits

proof of satisfaction of this penalty, or unless he first obtains leave of the court in which he seeks to file such pleadings. Adimora-Nweke is further WARNED that the filing of future frivolous, repetitive, or otherwise abusive pleadings in this court or any court in Texas subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. Appeal DISMISSED as frivolous; sanctions IMPOSED; additional sanctions warning ISSUED.

*Id*. at *4.

While this Court is unaware of whether Plaintiff has paid those sanctions, the Fifth Circuit's Order explicitly stated he must file proof of satisfaction of payment or seek leave of court before filing a civil complaint. *Id*. Plaintiff has failed to do so here. Thus, because Plaintiff has filed proof of payment, he is barred from filing any civil pleading in this Court, as the Midland/Odessa Division of the Western District of Texas is subject to the Fifth Circuit's jurisdiction. Further, the Court's records do not reflect that Plaintiff obtained advanced written permission from a judge of this Court before filing the instant case. Thus, the Court finds dismissal of Plaintiff's case proper, as he is a barred filer in this Court and has explicitly disregarded and violated the Fifth Circuit's Order in *Adimora-Nweke*, 2024 WL 2874561, at *4.

## II.    RECOMMENDATION

Accordingly, the Court **RECOMMENDS** Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 5th day of March, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).