IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

ERNEST ADIMORA-NWEKE,
*Plaintiff*

§
§
§
§
§
§
§
§
§
§
§
§

MO:26-CV-00051-DC

v.

TEXAS DEPARTMENT OF
PUBLIC SAFETY, TXDPS;
DIRECTOR FREEMAN F.
MARTIN, KRISTOFER MONSON,
CHIEF ADMINISTRATIVE LAW
JUDGE;
*Defendants*

## ORDER

BEFORE THE COURT is the report and recommendation ("R&R") from United States Magistrate Judge Ronald C. Griffin concerning Plaintiff's Complaint.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his report and recommendation on March 5, 2026.[2]

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the

---

[1] Doc. 1.
[2] Doc. 5.

Court need only review the magistrate judge's report and recommendation for clear error.[3] Plaintiff filed objections on March 11, 2026.[4]

In *Adimora-Nweke v. McGraw*, the Fifth Circuit ordered Plaintiff to pay a sanction of $1,000.[5]  The Fifth Circuit further directed all courts in Texas subject to its jurisdiction "to refuse to file any civil complaint or appeal by Adimora-Nweke unless he submits proof of satisfaction of this penalty, or unless he first obtains leave of the court in which he seeks to file such pleadings."[6] The R&R recommended dismissal of the complaint because Plaintiff provided no proof of payment nor did he request leave of the Court to file his complaint.

Plaintiff's objections do not deny that he has failed to pay the sanctions. Instead, he argues that the sanctions are unconstitutional and barring his ability to file a complaint further violates his constitutional rights. The objections also urge the Court to "be patient with the clerks" as his request for leave to file will be filed "once the clerks get around to it."[7]

The Fifth Circuit's order created a clear duty: Plaintiff must provide proof of payment or request leave of the Court *before* filing a civil complaint. It is not for this Court to comment on the constitutionality of the Fifth Circuit's orders. Plaintiff failed to complete either action that would have satisfied the duty imposed on him before filing this complaint. Dismissal is therefore appropriate in light of this non-compliance. The Court **OVERRULES** the objections.

---

[3] Fed. R. Civ. P. 72 advisory committee's note.
[4] Doc. 7.
[5] *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561 at *4 (5th Cir. June 7, 2024).
[6] *Id.*
[7] Doc. 7.

The Court **ORDERS** the report and recommendation of the United States Magistrate Judge is **ADOPTED**. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. Accordingly, all other pending motions in this case are denied as moot.

It is so **ORDERED**.

SIGNED this 24th day of March, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE